Flora Yates died on December 27, 1947, leaving a last will and testament dated July 10, 1945, which will was admitted to probate by the Surrogate of Essex County on January 13, 1948. The will among other things provided as follows:
"FOURTH: I give and devise my real property located at 24 Irving Street, East Orange, New Jersey unto my beloved niece KATIE MILES of 386 Halstead Street, East Orange, New Jersey to be hers, her heirs and assigns absolutely and forever."
It appears from the stipulated facts that testatrix on July 19, 1943, caused a corporation to be formed known as Martin Williams Corporation. Two stock certificates were issued by the corporation on October 30, 1943, one to George D. Corrin for ten shares, the other to Katie Miles for fifteen shares. Both of these certificates were assigned to testatrix on November 20, 1943, and surrendered by her to the corporation for new certificates to be issued in her name, which was done but the certificates were never executed by the officers of the corporation. These certificates represent all of the outstanding stock of the corporation and were in the possession of testatrix *Page 378 
at her death. The corporation never elected directors or officers and never functioned as such.
On October 22, 1943, testatrix purchased the premises mentioned in the fourth paragraph of the will and caused title thereto to be taken in the name of the corporation. Thereafter she treated the property as her own, collected and retained the rents, executed leases as owner and she spoke of the property as that of her own.
Plaintiff, Katie Miles, as the devisee named in the fourth paragraph of the will made demand upon the executrix to cause the corporation to convey to her the mentioned premises or to transfer to her the certificates of stock in the corporation so as to effectuate, as she contends, testatrix' intention to give to her said premises. The executrix refused and plaintiff filed her complaint seeking a construction of testatrix' will and a declaration of her rights thereunder.
A construction of the will is unnecessary, the language is plain and unambiguous. Testatrix' intention is unmistakable. The only question presented is the carrying into effect of such intention. The question presented is not novel.
In Fidelity Union Trust Co. v. Roest, 113 N.J. Eq. 368,166 A. 918, the testator by a codicil devised certain property to his son, the legal title to which was in a corporation formed by the testator of which corporation he owned all the capital stock. However, the testator caused title to the devised property to be put in the name of the corporation for his convenience. He collected the rents and paid the charges, and there was no evidence of directors' meetings or issue of stock or of a bank account. It was held that the son took nothing by the devise for the reason that testator had neither legal nor equitable title to the property at the date of the devise and that the devise could not be given effect on the theory that the equitable title was in the testator upon a resulting trust even though he paid the purchase price. Nor could the devise be given effect on the theory that the equitable title was in the testator by virtue of the fact that he possessed all the capital stock of the company. However, the court held that such "* * * view does not frustrate effectuating *Page 379 
the testator's intention. There is nothing in the way of the trustee's carrying out the intention. The testator supplied the means. All the corporate stock is in the hands of the trustee. It may function through the corporation, which it controls, and cause it to convey. It has not only the power to comply, but it is its obligation to adjust itself to meet the plainly given directions of its creator. Let it dissolve the corporation and as trustees convey, or have the corporation resolve to convey, if that be more convenient."
The holding in the Roest case will control here. It was the plain intention of the testatrix to devise to the plaintiff the property mentioned in the fourth paragraph of the will, and the executrix will be instructed to carry out such intention either through the corporation by conveyance which corporation it controls or dissolve the corporation and as trustee convey.